UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIL KUMAR, A-246-750-971,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br>Respondents. | No. 1:25-cv-01709-EFB (HC)<br><br>ORDER (ECF Nos. 20, 21) |

Petitioner is a person detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. This matter was assigned to the undersigned pursuant to Local Rule 302(c)(17) and 28 U.S.C. § 636(c). Pending before the court is petitioner's motion to enforce the court's order, ECF No. 20, and respondents' motion to dismiss. ECF No. 21. For the reasons set forth below, the undersigned denies petitioner's motion and grants respondents'.

**BACKGROUND**

Petitioner initiated this action on December 2, 2025, seeking a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. In his petition, he alleged that he was a noncitizen and was detained pending immigration removal proceedings, and had been detained since September 12, 2025. *Id*. at 4-5, 11. He alleged that he has a petition for asylum pending and had previously been released on an order of supervision. *Id*. at 5. He alleged that he complied with all of the terms of his supervision, but was nevertheless arrested by Immigration and Customs Enforcement

(ICE) at a regular check-in appointment. *Id*. He alleged that, since his arrest on September 12, 2025, he had not had a hearing before a neutral decisionmaker to determine whether his ongoing detention is warranted. *Id*. at 2. Petitioner asserted one claim for relief, that his due process rights are violated by his ongoing detention without an individualized hearing before a neutral decision-maker wherein he is determined to be either a flight risk or danger to the community. *Id*. at 16-17.

Concurrent with the petition, petitioner also filed a motion to appoint counsel and to proceed in forma pauperis. ECF Nos. 2, 3. On December 11, 2025, the undersigned granted both motions, and further ordered that, "[i]n order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondents shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court," citing, inter alia, the All Writs Act, 28 U.S.C. § 1651(a). ECF No. 8 at 2-3. Counsel for petitioner was appointed on December 31, 2025. ECF No. 14. On the consent of the parties, the matter was assigned to the undersigned on January 17, 2026. ECF No. 17.

On January 23, 2026, respondents filed an Answer to the petition. ECF No. 19. In it, they did not dispute the factual allegations of the petition. Respondents represented that petitioner is native and citizen of India who entered the United States on an unknown date and, on June 9, 2023, the Department of Homeland Security (DHS) issued petitioner a Notice to Appear for removability under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). ECF No. 19 at 2. Per respondents, petitioner filed an application for asylum in March 2024. *Id*. On September 11, 2025, petitioner was interviewed by an ICE agent and subsequently detained by ICE pursuant to 8 U.S.C. § 1225(b)(1). *Id*. Respondents further represented that petitioner "was re-detained in November 2025 because he was placed into expedited removal proceedings at that time," and "[r]ecently, the Immigration Judge vacated USCIS's negative creditable fear determination, Petitioner will now be served with a notice to appear, placing him into removal proceedings . . . ." *Id*. at 3.[1]

---

[1] In their answer, respondents referenced "Attachment A" as evidentiary support for their factual representations, *see* ECF No. 19 at 3, but no attachment was filed with that pleading. *See*

Approximately one month later, on February 25, 2026, petitioner filed a motion captioned, *Motion to Enforce the Court's All Writs Act Order and to Restore Status Quo Ante*. ECF No. 20. In it, petitioner, through counsel, represents that he was removed to India on February 8, 2026 pursuant to a removal order issued by an Immigration Judge. *Id*. at 2-3. In support of the motion, petitioner tendered the Order of the Immigration Judge dated January 28, 2026, indicating that petitioner was found removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i); his request for asylum and withholding or deferral of removal was denied; petitioner was ordered removed to India; and petitioner waived his appeal from the removal order. ECF No. 20-3. In his motion, petitioner requested as a remedy that he be returned to the United States, to this judicial district, for the adjudication of his habeas corpus petition. ECF No. 20 at 4-5; ECF No. 20-4 at 7-8.

Respondents filed an opposition to petitioner's motion and a motion to dismiss, on March 6, 2026. ECF No. 21. In it, respondents confirm that an Immigration Judge issued a removal order on January 28, 2026. ECF No. 21 at 3 & Ex. 1; *see also* ECF No. 22. Pursuant to that order, petitioner was transferred to the Arizona Removal Operations Coordinating Center, on January 31, 2026; then to the Port Isabel Service Processing Center, in Texas, on February 1, 2026; then removed to India on February 8, 2026. ECF No. 21 at 3. Respondents request the petition be dismissed as moot. ECF No. 21.

On March 12, 2026, petitioner filed a reply brief in support of his motion, ECF No. 24, and, on March 13, 2026, respondents filed a reply brief. ECF No. 25.

## DISCUSSION

Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry,* 570 U.S. 693, 705 (2013). This requirement extends through the life of the case; a case must be dismissed if it becomes moot at any stage. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997); *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982). In a habeas corpus action challenging immigration detention, the case becomes moot if the petitioner is deported, unless the

*generally* ECF No. 19.

petitioner alleges he will suffer some form of adverse collateral consequence from the harms alleged in the petition. *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007); *Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124, 1127 (9th Cir. 2003); *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991).

Here, the amended petition raised a single claim for relief, alleging that petitioner's detention without a bond hearing violated his rights to due process under the Fifth Amendment. ECF No. 1 at 16-17. As a remedy, he sought a bond hearing at which he could be ordered released pending the conclusion of his removal proceedings. *Id*. He alleged no collateral consequences that would be redressed by his petition. *See* ECF No. 1. As such, petitioner's claim for relief became moot when he was deported, as the detention forming the basis of his claim has ceased and is unlikely to recur, and there are no other collateral harms alleged by the petition. *See Abdala*, 488 F.3d at 1064-65.

There is no purchase for petitioner's argument that this court's December 11, 2025 order directing respondents not to transfer petitioner outside the judicial district rendered unlawful respondents' subsequent removal of petitioner. Petitioner's petition for writ of habeas corpus did not challenge DHS's authority to enter a removal order, *see* ECF No. 1, nor could it. *See Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007). Consistent with that, the court's December 11, 2025 order did not enjoin respondents from pursuing removal of petitioner, but simply sought to maintain the court's jurisdiction during the pendency of the habeas corpus petition. Thus, respondents' removal of petitioner did not violate the court's order. Moreover, once the removal order issued, the court became deprived of its jurisdiction on the habeas corpus action by virtue of the allegations comprising the controversy having become moot. *See Abdala*, 488 F.3d at 1063. As such, the court possesses no ongoing jurisdiction to order petitioner returned to the United States, as there is no live controversy that such an order would be in service of. *See id*. at 1065.

////

////

////

////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1) Petitioner's Motion to Enforce Court's All Writs Act Order and to Restore Status Quo Ante (ECF No. 20) is DENIED.

2) Respondents' Motion to Dismiss (ECF No. 21) is GRANTED.

3) The Clerk of Court is directed to enter judgment for respondents and close the case.

Dated: August 3, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE